IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EBERLE G. ENSOR, #177022         *
        Plaintiff
        v.         *   CIVIL ACTION NO. AMD-06-2254

MARY ANNE SAAR, et al.,         *
        Defendants

MEMORANDUM

Plaintiff, a Maryland Division of Correction prisoner confined at the Maryland House of Correction at Jessup, seeks money damages and injunctive relief to prevent retaliation for filing this civil rights action against state employees who allegedly impeded his ability to have stolen property returned to him. Because he appears to be indigent, he shall be granted leave to file in forma pauperis, subject to later assessment of a partial filing fee as required pursuant to the Prison Litigation Reform Act.

Plaintiff claims that in August 2001, he painted two plaques and a tee shirt commemorating the Baltimore Ravens Super Bowl championship. Officer Jerome Evans took the items from plaintiff, promising to obtain the signatures of Ravens players on the items before returning one plaque to plaintiff, mailing the other to plaintiff's outside contact, and purchasing one of the tee shirts for Evans' own use.

Plaintiff does not seek compensation from Evans, who is not named as a defendant in this action. Instead, he complains that ongoing attempts to enlist the aid of Maryland corrections officials to sanction Evans have proven futile. Essentially, he claims that these officials have attempted to obstruct justice by failing to properly investigate and by dismissing his administrative claims. He also implies that they have slandered him by failing to rule in his favor. Finally, he claims that he has been retaliated against by unspecified prison personnel and/or corrections officials

because he has pursued obtaining the return of his property from Evans.

The information contained in the complaint and the accompanying exhibits belie plaintiff's claim that corrections personnel have failed to assist plaintiff in seeking redress against Evans. Plaintiff has spoken with, written to, and been interviewed by various investigative personnel regarding his allegations. On July 13, 2004, correctional officials transported him to the Anne Arundel County courthouse to file charges against Evans.[1]  That the Secretary of the Department of Public Safety and Correctional Services and other top officials did not act on plaintiff's requests for a polygraph examination, dismissed his administrative complaints, or failed to remove Evans from his position, simply do not amount to violations of due process, as plaintiff remains free to seek redress through the state court system.[2]

Plaintiff also claims he was transferred in retaliation for pursuing his claims against Evans[3]. He does not specify which of the named defendants took particular retaliatory actions against him. He will be provided an opportunity to supplement this portion of his complaint, which will then be permitted to proceed.  A separate Order follows.


Filed: September 7, 2006                          /s/
                                                  Andre M. Davis
                                                  United States District Judge

---

[1] The Commissioner who spoke with plaintiff declined to file criminal charges against Evans, and informed plaintiff to instead file a civil action for damages.

[2] Plaintiff fails to provide a factual basis for his claim that he has been slandered or has suffered defamation. In any event, such a claim is not cognizable as a civil rights violation under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *see also Siegert v. Gilley* 500 U.S. 226, 234-35 (1991).

[3] Plaintiff lacks standing to assert a claim of impermissible retaliation on behalf of fellow prisoners.  *See* I*nmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).